UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

In re:

FLOUR CITY BAGELS, LLC,

          Debtor.

BRUEGGER'S FRANCHISE CORPORATION, *et al.*,

          Petitioners,

v.

FLOUR CITY BAGELS, LLC, *et al.*,

          Respondents.

Case # 16-CV-6667-FPG

DECISION & ORDER

      Debtor Flour City Bagels, LLC ("Flour City") operates a number of Bruegger's Bagels franchises across western and central New York. After filing for bankruptcy under Chapter 11, Flour City sought court approval to sell substantially all of its assets, free and clear of all liens or interests, to Canal Mezzanine Partners II, LP ("Sale Motion"). *See* Case No. 16-20213-PRW, ECF No. 404. Bruegger's Franchise Corporation, Bruegger's Enterprises, Inc., LDA Management Company, Inc., and Le Duff America, Inc. (collectively, "Bruegger's") sought a court order compelling Flour City to assign the bakery leases—and sell the furniture, fixtures and equipment within the bakeries—to Bruegger's pursuant to the terms of certain Franchise Agreements with Flour City ("Specific Performance Motion"). *Id.* at ECF No. 425.

      On September 2, 2016, the United States Bankruptcy Court for the Western District of New York (Warren, *B.J.*) issued a decision and order denying the Sale Motion, denying the Specific Performance Motion, and resolving various other pending motions. *Id.* at ECF No. 542.

Bruegger's now moves for leave to appeal the bankruptcy court's denial of the Specific Performance Motion. ECF No. 1. Bruegger's first argues that it has a right to such an appeal under 28 U.S.C. § 158(a)(1) because the bankruptcy court's decision was a "final order." In the alternative, Bruegger's argues that this Court should exercise its discretion to grant Bruegger's leave to appeal under 28 U.S.C. § 158(a)(3). For the reasons stated below, both arguments are unavailing.

## I. Appeal As Of Right Under § 158(a)(1)

Under 28 U.S.C. § 158(a)(1), district courts have jurisdiction to hear appeals from "final judgments, orders, and decrees" issued by bankruptcy courts. "The standard for finality in bankruptcy matters is more flexible than in ordinary civil litigation, because bankruptcy proceedings often continue for long periods of time and discrete claims are resolved from time to time over the course of the bankruptcy proceeding." *In re Pegasus Agency, Inc.*, 101 F.3d 882, 885 (2d Cir. 1996) (citing *In re Prudential Lines, Inc.*, 59 F.3d 327, 331 (2d Cir. 1995)). Thus, an order need not resolve all of the various issues raised by a bankruptcy proceeding to qualify for immediate appeal under § 158(a)(1). *In re Integrated Resources, Inc.*, 3 F.3d 49, 53 (2d Cir. 1993).

At the same time, given the strong federal policy against piecemeal litigation, a bankruptcy order is only "final" for the purpose of § 158(a)(1) if it resolves a discrete dispute within the larger bankruptcy case. *In re Fugazy Exp., Inc.*, 982 F.2d 769, 775 (2d Cir. 1992) (quoting *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1283 (2d Cir. 1990)). The term "discrete dispute" refers to more than simply competing contentions regarding a separable issue; rather, it refers to "at least an entire claim on which relief may be granted." *Id.* at 775-76; *see also In re Flor*, 79 F.3d 281, 283 (2d Cir. 1996); *In re Chateaugay Corp.*, 922 F.2d 86, 90 (2d Cir. 1990)

("The disposition of a discrete dispute is generally considered to be the resolution of an adversary proceeding within the bankruptcy action.").

Here, the bankruptcy court order denying the Specific Performance Motion does not entitle Bruegger's to an appeal as of right under § 158(a)(1). In denying the Specific Performance Motion, the bankruptcy court did not dispose of an entire claim upon which relief may be granted; rather, it denied Bruegger's' request for a particular *form of relief*—namely, specific performance. *See Cho v. 401-403 57th St. Realty Corp.*, 300 A.D.2d 174, 175 (1st Dep't 2002) (noting that "specific performance is an equitable remedy for a breach of contract, rather than a separate cause of action"); *Rhodes v. Davis*, 628 F. App'x 787, 791 (2d Cir. 2015) (same); 96 N.Y. Jur. 2d Specific Performance § 1 (same).

Without citing any authority, Bruegger's argues that the order was final under § 158(a)(1) because it "completely resolves the discrete legal issues addressed therein, including the denial of Bruegger's Specific Performance Motion. Specifically, the Order finally determines that Bruegger's cannot enforce its contract right to an assignment of the leases and [furniture, fixtures and equipment]." ECF No. 1-3, at 1-2. But this argument mischaracterizes both the bankruptcy court's order and the relevant legal standard.

First, the bankruptcy court did not determine that Bruegger's "cannot enforce its contract right" to the property described in the Franchise Agreements. Specific performance is simply "an alternative to the award of damages as a means of enforcing a contract." *Rhodes*, 628 F. App'x at 791 (quoting *Hadcock Motors, Inc. v. Metzger*, 92 A.D.2d 1, 4 (4th Dep't 1983)). Thus, by denying the Specific Performance Motion, the bankruptcy court simply held that Bruegger's must resort to the standard method of enforcing a contract—an action for damages.

Second, the fact that the bankruptcy court's order "completely resolves the discrete legal issues addressed therein" is irrelevant. The question is not whether the order resolves the legal

3

issues raised by the moving party; if that were the standard for determining whether an order was "final" under § 158(a)(1), then most—if not all—bankruptcy court decisions would be subject to an immediate appeal. Rather, as stated above, the relevant question is whether the bankruptcy court order resolved a discrete *claim* within the larger bankruptcy case. *See, e.g.*, *Fugazy*, 982 F.2d at 775-76. Here, it did not.[1]

In sum, because the bankruptcy court order denying the Specific Performance Motion did not resolve a discrete claim, but instead simply rejected Bruegger's' request for the equitable remedy of specific performance, Bruegger's is not entitled to an appeal as of right under § 158(a)(1).

## II. Leave To Appeal Under § 158(a)(3)

Under 28 U.S.C. § 158(a)(3), district courts have discretionary appellate jurisdiction over interlocutory bankruptcy court orders and decrees. *See In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003). In evaluating a request for leave to appeal, district courts in the Second Circuit borrow from the analogous standard set forth in 28 U.S.C. § 1292(b)—which is the standard used by courts of appeals to determine whether to entertain an appeal from an interlocutory district court order. *See, e.g.*, *In re Futter Lumber Corp.*, 473 B.R. 20, 26 (E.D.N.Y. 2012).

First, the movant must establish that the bankruptcy order at issue "involves a controlling question of law." 28 U.S.C. § 1292(b). A question of law is "controlling" if reversal of the bankruptcy court's ruling would terminate the action or materially affect the outcome of the litigation. *In re Bernard L. Madoff Inv. Sec. LLC*, No. 08-01789 BRL, 2011 WL 3897970, at *3 (S.D.N.Y. Aug. 31, 2011). The question of law must also be "purely legal, such that the reviewing court can decide it quickly and cleanly without having to study the record." *Id.*

---

[1] Bruegger's also ignores the fact that the Specific Performance Motion was decided in the context of Flour City's Sale Motion, which was also denied. Thus, as far as this Court is aware, the final disposition of the property sought in the Specific Performance Motion—bakery leases and furniture, fixtures and equipment within the bakeries—has yet to be decided.

4

(quoting *In re Adelphia Communications Corp.*, 333 B.R. 649, 658 (S.D.N.Y. 2005)) (internal quotations and alterations omitted).

Second, "the movant must demonstrate that 'there is substantial ground for difference of opinion' as to the controlling question of law." *Id.* (quoting 28 U.S.C. § 1292(b)). This element is established where there is "a genuine doubt as to whether the bankruptcy court applied the correct legal standard." *Id.* (quoting *In re Enron Corp.*, No. 01-16034, 2006 WL 2548592, at *4 (S.D.N.Y. Sept. 5, 2006)). A movant may satisfy this element by (1) showing the existence of conflicting authority on the relevant legal question or (2) showing that the issue is particularly difficult and one of first impression for the Second Circuit. *Id.* Arguments regarding the bankruptcy court's *application* of the relevant legal standard are insufficient. *Estevez-Yalcin v. The Children's Vill.*, No. 01CV8784, 2006 WL 3420833, at *4 (S.D.N.Y. Nov. 27, 2006) ("Plaintiffs are merely quibbling with this Court's application of the facts to the law, not with the underlying legal rule, which is necessary if this Court is to certify an immediate appeal.").

Third, the movant must show that an interlocutory appeal "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). A movant may satisfy this prong by showing that an appeal "promises to advance the time for trial or shorten the time required for trial." *In re Bernard L. Madoff Inv. Sec. LLC*, 2011 WL 3897970, at *3 (quoting *In re Enron Corp.*, 2006 WL 2548592, at *2).

In addition to establishing those three elements, the movant must show that "exceptional circumstances exist that overcome the general aversion to piecemeal litigation and justify departing from the basic policy of postponing appellate review until after the entry of a final judgment." *In re Bernard L. Madoff Inv. Sec. LLC*, 2011 WL 3897970, at *3 (quoting *In re Madoff*, No. 08-01789, 2010 WL 3260074, at *3 (S.D.N.Y. Aug. 6, 2010)) (internal quotations and alterations omitted). Interlocutory appeal is "not intended as a vehicle to provide early

review of difficult rulings in hard cases." *German by German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995).

Here, Bruegger's has failed to show that an interlocutory appeal is warranted. Rather than point to a pure issue of law as to which there is substantial ground for a difference in opinion, Bruegger's takes issue with the bankruptcy court's *application* of the relevant legal standard. ECF No. 1-3, at 10-20. For example, Bruegger's argues that the bankruptcy court incorrectly found that Bruegger's had not demonstrated irreparable harm, but does not argue that the bankruptcy court should have applied some other standard to determine whether specific performance was an appropriate remedy. *Id.* Bruegger's also fails to show that an interlocutory appeal would materially advance the ultimate termination of the litigation. Lastly, Bruegger's has not identified any exceptional circumstances to overcome the general aversion to piecemeal litigation. Therefore, the Court declines to exercise jurisdiction under § 158(a)(3).

### III. Conclusion

Bruegger's is not entitled to an appeal under § 158(a)(1) and the Court declines to exercise jurisdiction under § 158(a)(3). Accordingly, Bruegger's' motion for leave to appeal (ECF No. 1) is DENIED. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: April 24, 2017
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court